IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL GARCIA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3864 |
| | : | |
| PHILADELPHIA DISTRICT | : | |
| ATTORNEY'S OFFICE, *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**GALLAGHER, J.**                                                                                                                         **DECEMBER 22, 2022**

        Plaintiff Noel Garcia, a convicted prisoner currently incarcerated at SCI Houtzdale, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Currently before the Court are Garcia's Complaint ("Compl." (ECF No. 1)), three motions to amend the complaint,[1] his Motion for Leave to Proceed *In Forma Pauperis*,

---

[1] Since filing his Complaint, Garcia has filed three motions for leave to amend his Complaint. (*See* ECF Nos. 7, 9, 10.) His first Motion to Amend seeks to clarify his Complaint by adding a supervisory liability claim against Defendant Abraham. (ECF No. 7.) His second Motion to Amend seeks to clarify his claims by explaining how each named Defendant acted under color of state law and in violation of his constitutional rights. (*See* ECF No. 9.) His third Motion to Amend corrects the spelling of defendant Abraham's first name. (*See* ECF No.10.)

    In general, an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

    Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk

and his Prisoner Trust Fund Account Statement. (ECF Nos. 2, 3.) Garcia asserts individual and official capacity claims against the Philadelphia District Attorney's Office and former District Attorney Lynne Abraham. (Compl. at 2.) For the following reasons Garcia will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice.

## I.   FACTUAL ALLEGATIONS[2]

Garcia alleges that on September 15, 2008, an arrest warrant was issued by the Philadelphia District Attorney's Office, and he was detained on charges of aggravated assault, simple assault, and reckless endangerment of another person.[3] (Compl. at 20.) At the time, he was in the custody of the Pennsylvania Department of Corrections as a result of unrelated crimes.[4] (*Id.*) Garcia alleges that the charges arose from an incident that occurred at a

---

of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").

   Garcia's first and second proposed amendments include few facts, and merely advance legal assertions. As such, both would be subject to dismissal were either deemed the operative pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). It is unlikely that Garcia understood the consequences of serially requesting leave to amend his Complaint. In the interests of judicial economy, the Court will grant Garcia's motions, construe the proposed amendments as supplements to the original Complaint, and screen the filings together.

[2] The allegations set forth in this Memorandum are taken from Corbin's Complaint and supplements thereto. (ECF No. 1, 7, 9, 10.) The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] A copy of the warrant is included with the Complaint. (*See id*. at 21.)

[4] Publicly available state court dockets reflect that on June 10, 2009, Garcia entered into a negotiated guilty plea on charges stemming from three separate arrests that occurred in 2007 and early 2008. The charges included third-degree murder and related offenses, two counts of aggravated assault, attempted murder, conspiracy to commit murder and related weapons

Philadelphia County jail during which Garcia was assaulted by correctional officers who were escorting him from one cell block to another. (*Id.* at 20 n.1.) Garcia alleges that he was never arraigned on the charges set forth in the warrant, and that the Commonwealth did not otherwise pursue resolution of the charges. He alleges that on February 12, 2021, the warrant was cancelled and the charges were dismissed without explanation. (*Id.*)

Garcia alleges that Defendants Abraham and the Philadelphia District Attorney's Office were aware of the warrant and its cancellation and were responsible for the delay in pursuing the charges by virtue of their positions. (*Id.* at 25-26.) He further alleges that as a result of the issuance and pendency of the warrant, he was subjected to 13 years in custody before the warrant was cancelled and the charges dismissed. (*Id.* at 26.) He claims that he has experienced poor physical and mental health as a result. (*Id.* at 27.)

Garcia asserts claims for violations of his Fourth and Fourteenth Amendment rights and for false arrest, false imprisonment, and malicious prosecution against Defendants Abraham and the Philadelphia District Attorney's Office. (*Id.* at 3, 25.) He asserts a municipal liability claim pursuant to *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978) against the District Attorney's Office. (*Id.*) He seeks an award of compensatory and punitive damages. (*Id.* at 5.)

---

offenses, and four counts of recklessly endangering another person. He was sentenced to an aggregate term of 22 to 45 years' imprisonment, for which he was incarcerated the entire time the arrest warrant mentioned in the Complaint was pending against him. *See Commonwealth v. Garcia*, CP-51-CR-10672-2007 (C.P. Philadelphia); *Commonwealth v. Garcia*, CP-51-CR-10740-2007 (C.P. Philadelphia); and *Commonwealth v. Garcia*, CP-51-CR-4348-2008 (C.P. Philadelphia). *See also Commonwealth v. Garcia*, No. 1186EDA 2012, 2013 WL 11264057, at *1 (Pa. Super. Ct. June 24, 2013).

## II. STANDARD OF REVIEW

The Court will grant Garcia leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That provision of the Prison Litigation Reform Act requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Garcia is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[5] Because he is a prisoner, the PLRA requires Garcia to pay the full amount of the filing fee in installments regardless of the outcome of this case.

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Garcia alleges that former Philadelphia County District Attorney Lynne Abraham and the Philadelphia District Attorney's Office were responsible for the issuance of the September 2008 warrant, for the unnecessary delay in bringing Garcia before a judicial officer for arraignment, and for the ultimate cancellation of the warrant without explanation.[6] He does not allege that Defendant Abraham personally engaged in this conduct, only that she was responsible for it by reason of her position as head of the District Attorney's Office. (Compl. at 25-26; Motion to Amend, ECF No. 7 at 1-2.) He asserts claims for false arrest, false imprisonment, and malicious prosecution. These claims are not plausible and will be dismissed.

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the

---

[6] The Court notes that Defendant Abraham served as District Attorney from May 1991 through January 2010 and therefore could not have been personally involved in the decision to cancel the warrant and drop the charges against Garcia in 2021.

Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). *See also Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001) (citations omitted) (tort claims against district attorneys and assistant district attorneys properly dismissed because "high public officials are immune from suits seeking damages for actions taken or statements made in the course of their official duties.") Because issuance of an arrest warrant and the decision whether to pursue charges against a criminal defendant fall squarely within a district attorney's role as an advocate of the Commonwealth, Defendant Abraham is entitled to absolute immunity and the claims against her must be dismissed with prejudice. *See Ekwunife v. City of Philadelphia*, 245 F.Supp.3d 660, 670-72 (E.D. Pa. 2017).

Garcia also asserts a claim against the Philadelphia District Attorney's Office. However, the United States Court of Appeals for the Third Circuit has held that district attorneys' offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of 1983 liability"). For this reason, too, Garcia's official capacity claim against Defendant Abraham, which must also be deemed to be a claim against the Philadelphia District Attorney's Office, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"), is not plausible. These claims will be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated, Garcia will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Garcia will not be granted leave to amend these claims because amendment would be futile. *Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Garcia's request for appointment of counsel will be denied as moot.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**